UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____        :
                                                 :
In the Matter of the Application of              :        CIVIL ACTION NO.
ANTONIO WEI for an Order Seeking                 :
Discovery Under 28 U.S.C. § 1782,                :        _____
_____        :


**MEMORANDUM OF LAW IN SUPPORT OF *EX-PARTE* APPLICATION OF
ANTONIO WEI FOR AN ORDER SEEKING DISCOVERY UNDER 28 U.S.C. § 1782**


DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................................... 2

LEGAL ARGUMENT ................................................................................................................... 3

    I.      The Elements of 1782 ............................................................................................ 3

          A.    The Application Must Be Made By An "Interested Person" ...................... 4

          B.    Discovery Must Be For Use In A Proceeding Before A Foreign Or International Tribunal ............................................................................... 4

          C.    The Person From Whom Discovery Is Sought  Must Reside Or Be Found In The District In Which The Application Is Made ................................... 5

    II.     Factors Considered By The Reviewing Court ................................................... 6

          A.    Participant In The Foreign Proceeding ..................................................... 6

          B.    Receptivity to U.S. Assistance ................................................................. 7

          C.    Circumvent Limits in Foreign Jurisdiction .............................................. 7

          D.    Discovery Unduly Intrusive or Burdensome ............................................ 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Stand. Chartered Intern. (USA) Ltd.*,
785 F. Supp. 2d 434 (S.D.N.Y. 2011) ..............................................................6

*In re Application of Babcock Borsig AG*,
583 F. Supp. 2d 233 (D. Mass. 2008) ..............................................................4

*Burnham v. Superior Court of California*,
495  U.S. 604 (1990)..........................................................................................5

*In re Application of Imanagement Servs. Ltd.*,
 2006 U.S. Dist. LEXIS 8876 (D.N.J. Feb. 28, 2006) ....................................7

*In re Application of Servicio Pan Americana de Proteccion, CA*,
354 F. Supp. 2d 269 (S.D.N.Y. 2004)..............................................................7

*In re Chevron Corp.*,
633 F.3d 153 (3d Cir. 2011)..............................................................................8

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
2014 U.S. App. LEXIS 531 (11th Cir. Fla. Jan. 10, 2014)..............................5

*In re Edelman*,
295 F.3d 171 (2d Cir. 2002)..............................................................................5

*In re Godfrey*,
526 F. Supp. 2d 417, 2007 U.S. Dist. LEXIS 88004 (S.D.N.Y. 2007) ...........5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004)......................................................................................4, 7

*In re Ont. Principals' Council*,
2013 U.S. Dist. LEXIS 179955 (E.D. Cal. Dec. 20, 2013) .............................4

**Statutes**

28 U.S.C. § 1782 ("1782")......................................................................... *passim*

Applicant Antonio Wei ("Applicant"), by and through his undersigned counsel and pursuant to 28 U.S.C. § 1782 ("1782"), respectfully submits this memorandum of law in support of his application (the "Application") for an order to take expedited discovery from Hacienda Intercontinental Realty Inc. ("Hacienda") and 116 John Street Owner LLC ("John Street LLC")(collectively, the "Discovery Targets"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, for use in his contemplated proceeding against Mr. Peter Wei ("Mr. Wei") in the appropriate probate court in Brazil (the "Foreign Proceeding").

## PRELIMINARY STATEMENT

Applicant and his brother, Mr. Wei, are beneficiaries of the Wei Family Trust (the "Trust"). The Trust, through numerous other entities, indirectly owns a valuable building in Manhattan worth approximately $50 million.  In or around March 2011, 50% of one of those holding entities was sold to another company for $25 million. However, the Trust did not receive any of the sale proceeds.  Applicant believes that Mr. Wei diverted the sale proceeds away from the Trust and is seeking discovery from the Discovery Targets because they were both involved in the transaction and, therefore, should possess relevant information that Applicant intends to use in a yet-to-be filed proceeding against Mr. Wei in Brazil.

As discussed in detail below, this Application satisfies the requirements of 1782 for the following reasons: (i) Applicant is an interested person in the discovery being sought; (ii) the Discovery Targets are within the jurisdiction of this court because the property at issue lies within this judicial district; and (iii) the discovery being sought from the Discovery Targets is to assist Applicant with his pursuit of the Foreign Proceeding against Mr. Wei.

Additional factors that weigh in favor of granting Applicant's request are: (i) Applicant, has not, at present, named the Discovery Targets as parties in the Foreign Proceeding although he

1

reserves his right to do so in the future; (ii) Brazil is generally receptive to U.S. assistance in judicial matters; (iii) this Application is not being made to circumvent any discovery limitations imposed by a foreign tribunal; and (iv) the discovery being sought from the Discovery Targets is narrowly tailored and does not seek to impose an unreasonable burden on them.

Accordingly, the Application should be granted and the Applicant requests that the Court authorize the issuance of the Proposed Subpoenas.

## STATEMENT OF RELEVANT FACTS

The Trust was established on June 1, 1989 under the laws of the Island of Jersey. Dec. of Antonio Wei ("Applicant Declaration"), dated October 12, 2017, ¶ 3. The settlors and primary beneficiaries of the Trust are Applicant's parents, Daniel Wei and Emily Wei. Applicant and his brother are the beneficiaries of the Trust.

The Trust indirectly owned a building located in Manhattan at 116 John Street, New York, New York 10038 (the "John Street Building"). *Id.* at ¶ 4. Upon information and belief, the ownership structure in or around March 2011 was as follows: (a) the Trust owns 100% of Intercontinental Investments Ltd. ("Intercontinental"); (b) Intercontinental owns 100% of Northern Capital Corp. ("Northern Capital"); and (c) Northern Capital owns 100% of Hacienda. Hacienda owned 100% of the John Street Building. *Id.* at ¶ 5. Upon information and belief, these entities had no business purpose other than to invest, hold, protect and maximize the value of the Trust's interest in the John Street Building. *Id.* at ¶ 7.

According to a Real Property Transfer Report, on or around March 22, 2011, Hacienda sold 50% of the John Street Building to the John Street LLC for $25,000,000. A copy of the report is attached as Exhibit A to the Applicant Declaration. Hacienda transferred its remaining 50%

interest in the John Street Building to an entity known as Vita Ventures LLC ("Vita") to hold for the benefit of Hacienda. *Id.* at ¶ 9.

The Trust has not received any portion of the sale proceeds of $25,000,000. Upon information and belief, Mr. Wei diverted the sale proceeds from the John Street Building from the Trust. Applicant, as a remainderman of the Trust, believes he has suffered considerable monetary harm as a result of the sale of a $25 million ownership interest in the John Street Building. He is considering bringing an action in Brazil against Mr. Wei for diverting sale proceeds and requires discovery from the Discovery Targets in order to pursue the contemplated action. Both of the Discovery Targets have offices in Manhattan.

## LEGAL ARGUMENT

### I.   The Elements of 1782

The text of 1782 provides, in pertinent part, that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made… upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

In essence, an applicant under Section 1782 needs to show three things: (a) it is an "interested person" in a foreign proceeding; (b) the proceeding is before a foreign "tribunal;" and (c) the person from whom evidence is sought is in the district of the court before which the application has been filed. The type of evidence that may be obtained under Section 1782 includes both documentary and testimonial evidence.

The Applicant here unquestionably satisfies each of these elements.

A.      The Application Must Be Made By An "Interested Person"

The case law defines an "interested person" broadly.  In fact, an interested person does not even need to be an official party to the proceeding.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

Applicant in this matter intends to be a plaintiff in the Foreign Proceeding.  As a beneficiary of the Trust, he has been injured by Mr. Wei's alleged misconduct in diverting proceeds from the sale of the John Street Building. Accordingly, Applicant is clearly an "interested person" within the broad meaning of the statute.

B.      Discovery Must Be For Use In A Proceeding Before A Foreign Or International Tribunal

The Supreme Court has explained that the proceeding does not need to be filed and pending.  Rather, the proceeding must simply be in "reasonable contemplation" at the time the discovery is sought.  *See Intel Corp.*, 542 U.S. at 247.  Courts have broadly interpreted this requirement:

   a.  A potential arbitration is within reasonable contemplation even though no formal steps were taken to initiate arbitration proceedings before the ICC.  *In re Application of Babcock Borsig AG*, 583 F. Supp. 2d 233, 242 n.8 (D.Mass. 2008);

   b.  Finding reasonable contemplation of a proceeding when "[a]pplicants indicate that they intend to pursue defamation and related claims against potential tortfeasors in a contemplated civil lawsuit to be filed in Ontario, Canada, and that the requested discovery is essential to identify the potential defendants".  *In re Ont. Principals′ Council*, 2013 U.S. Dist. LEXIS 179955, 4-8 (E.D.Cal. Dec. 20, 2013); and

   c.  Finding reasonable contemplation and stating: "In response to JASE's argument that CONECEL's failure to bring an action thus far demonstrates that any civil or criminal proceeding is not within reasonable contemplation, CONECEL points out that under Ecuadorian law, it must submit its evidence with the pleading at the time it commences the civil action. The Supreme Court in Intel

4

> noted that '[i]n civil law countries, documentary evidence is generally submitted as an attachment to the pleadings or as part of a report by an expert.' 542 U.S. at 262 n.14.  Thus, CONECEL claims that it has not yet brought any action against its former employees because it is still waiting for the evidence it seeks pursuant to the instant discovery application. In light of CONECEL's facially legitimate and detailed explanation of its ongoing investigation, its intent to commence a civil action against its former employees, and the valid reasons for CONECEL to obtain the requested discovery under the instant section 1782 application before commencing suit, there was no error in the district court's determination that CONECEL's foreign civil proceedings against Egas and Narváez were 'within reasonable contemplation.'"*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 2014 U.S. App. LEXIS 531, 20-21 (11th Cir. Fla. Jan. 10, 2014).

Applicant satisfies this element as well because he intends to file an action against Mr. Wei in Brazil in connection with his alleged misconduct in connection with the sale of an ownership interest in the John Street Building.

C.    The Person From Whom Discovery Is Sought Must Reside Or Be Found In The District In Which The Application Is Made

The courts have interpreted this requirement broadly.  One court explained that mere physical presence is enough to satisfy the requirement:

> [T]he question of what it means to be found in a particular locale is already the subject of well-settled case law on territorial jurisdiction. In *Burnham v. Superior Court of California*…the Supreme Court authorized the exercise of personal jurisdiction based on nothing more than physical presence…It is consistent construction to endow the phrase 'or is found' in § 1782 with the same breadth as that accorded it in *Burnham*.

*In re Edelman*, 295 F.3d 171 (2d Cir. 2002), citing *Burnham v. Superior Court of California*, 495 U.S. 604, 110 S.Ct. 2105 (1990) (plurality opinion).  The courts have allowed discovery to be sought from a person who is simply visiting the district in which the application is made, regardless of his residence.  *See In re Godfrey*, 526 F. Supp. 2d 417, 421, 2007 U.S. Dist. LEXIS 88004, at *10 (S.D.N.Y. 2007) (citing *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2001)

("[O]ne who is personally served with process while present in a district is 'found' in that district for the purpose of foreign discovery applications."). With respect to corporate entities, courts have found that conducting business or having offices in the judicial district is sufficient for the purposes of 1782. *See Ahmad Hamad Algosaibi & Bros. Co. v. Stand. Chartered Intern. (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011).

Here, for the purposes of 1782, the Discovery Targets reside in the judicial district. According to documents filed with the New York City Department of Finance, both of the Discovery Targets have offices in Manhattan at 116 John Street.

## II.     Factors Considered By The Reviewing Court

In addition to the statutory elements set forth above, which are clearly satisfied, the following considerations are important to a district court tasked with reviewing an application of this kind: (i) whether the person from whom discovery is sought is a participant to the foreign proceeding; (ii) the nature of the tribunal, the character of the proceeding, and the receptivity of the foreign court or agency to U.S. federal-court judicial assistance; (iii) whether the discovery request seeks to circumvent applicable discovery limits in the foreign jurisdiction; (iv) whether the discovery requests are "unduly intrusive or burdensome."

These factors weigh in favor of granting the Application.

### A.     Participant In The Foreign Proceeding

It is generally more difficult for the foreign tribunal to order the production of discovery from a foreign nonparticipant than from a party. Therefore,

> when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence…In contrast, nonparticipants in the foreign

proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Intel Corp.*, 542 U.S. at 264 (2004).  This factor weighs in favor of applications seeking discovery from non-participants in a foreign proceeding.

 At this time, Applicant does not intend to name the Discovery Targets as parties in the Foreign Proceeding.

B.    Receptivity to U.S. Assistance

The receptivity of a foreign court to U.S. federal judicial assistance may be inferred from the existence of treaties that facilitate cooperation between the U.S. Federal judiciary and the foreign jurisdiction.  *In re Application of Imanagement Servs. Ltd.,* Civ. Action No. 05-:2311 (JAG), 2006 U.S. Dist. LEXIS 8876 at *11 (D.N.J. Feb. 28, 2006) (citing, *In re Application of Servicio Pan Americana de Proteccion, CA.*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004)).

Brazil is generally receptive to U.S. federal-court judicial assistance.  This may be inferred from the existence of treaties that facilitate cooperation between the U.S. Federal judiciary and the foreign jurisdiction, such as the treaty of extradition which exists between the United States and Brazil.

This factor weighs in Applicant's favor as well.

C.    Circumvent Limits in Foreign Jurisdiction

The case law on this point is not as developed as the other factors.  Generally, a 1782 proceeding that seeks to circumvent discovery limitations imposed by a foreign tribunal are not favored.  However, the party opposing the application bears the burden of proving the offense to the foreign tribunal and opposing parties face an uphill battle as the U.S. Supreme Court has held that 1782 contains no threshold requirement that the evidence sought in a 1782 proceeding be discoverable under the law of either the district court or the foreign proceeding.

The case *In re Chevron Corp.*, 633 F.3d 153 (3d Cir. 2011) is illustrative.  In that case, the 1782 proceeding was opposed primarily on the basis that the discovery sought had been specifically prohibited in the foreign court.  The district court held that the party opposing the application had the burden of proof, which it did not satisfy by merely stating that the discovery was prohibited in the foreign court.  The district court also noted that 1782 had no threshold requirement that the discovery sought be discoverable under the law of the foreign proceeding.

This is not a factor in the present Application.  Since there is no presently pending action, there are no discovery limitations that have been imposed by a foreign tribunal.

      D.    <u>Discovery Unduly Intrusive or Burdensome</u>

The discovery sought in a 1782 application must be tailored so that the requests do not impose an unreasonable burden.  Here, the Proposed Subpoenas are narrowly tailored to obtain discovery concerning the sale of the John Street Building, which would be the very subject of the contemplated Foreign Proceeding.  *See* Applicant Declaration ¶ 2.  Such discovery is not unduly intrusive or burdensome.

## CONCLUSION

For the reasons set forth above, the Application should be granted and the proposed subpoena issued to Mr. Wei.

Dated: October 17, 2017
       New York, New York

**DUANE MORRIS LLP**

By: /s/ Evangelos Michailidis
      Evangelos Michailidis
      Jovalin Dedaj

      1540 Broadway
      New York, NY 10036-4086
      Telephone: +1 212 692 1000
      Fax: +1 212 692 1020

      *Attorneys for Applicant Antonio Wei*